UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                      CRIMINAL ACTION

VERSUS                                         NO. 09-154

STEVEN THOMAS HEBERT                           SECTION "R"

## ORDER & REASONS

Before the Court is the Government's notice of intent to introduce extrinsic evidence at trial pursuant to Federal Rule of Evidence 404(b).  For the following reasons, the Court finds that evidence of defendant's earlier drug convictions is admissible. A determination regarding the admissibility of defendant's earlier firearm conviction will be made at trial.


**I.   BACKGROUND**

Defendant Steven Hebert has pleaded not guilty to the six count superseding indictment.  The superseding indictment charges the defendant with one count of distributing fifty grams or more of cocaine base; one count of distributing five grams or more of cocaine base; one count of possessing with the intent to distribute five hundred grams or more of cocaine hydrochloride; one count of possessing with the intent to distribute five grams or more of cocaine base; one count of possessing a firearm after having been convicted of a felony; and one count of possessing a

firearm in furtherance of a drug trafficking crime.[1]

On May 27, 2011, the Government filed a notice of intent to introduce "other act" evidence.[2]  In that notice, the Government signaled its intent to introduce evidence relating to four of Hebert's prior convictions:

(1) On or about April 29, 2004, Hebert pleaded guilty to attempted possession of cocaine;

(2) On or about April 22, 1998, Hebert pleaded guilty to possession with intent to distribute cocaine;

(3) On or about April 22, 1998, Hebert pleaded guilty to possession of a firearm by a convicted felon; and

(4) On or about March 10, 1998, Hebert was convicted of distribution of cocaine.[3]

The defendant opposes the Government's motion to introduce this extrinsic evidence.

## II.  LEGAL STANDARD

Under Federal Rule of Evidence 404(b):

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation,

---

[1]  R. Doc. 30.

[2]  R. Doc. 81.

[3]  *Id.*

2

plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b).

In the Fifth Circuit, evidence of an extrinsic offense is admissible under Rule 404(b) if it satisfies the two-step test articulated in *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (*en banc*), *cert. denied*, 440 U.S. 920 (1979). First, the evidence must be "relevant to an issue other than the defendant's character." *Id.* Second, the evidence must have "probative value that is not substantially outweighed by its undue prejudice" and also meets the other requirements of Federal Rule of Evidence 403. *Id.*

The relevance of extrinsic offense evidence is determined by Federal Rule of Evidence 401, which provides that evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *Id.*; Fed. R. Evid. 401. The relevance of an extrinsic offense "is a function of its similarity to the offense charged," and similarity must be determined with respect to the particular issue to which the extrinsic offense is addressed. *Beechum*, 582 F.3d at 911. In any event, "similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and that the defendant was the actor." *Huddleston v. United*

*States*, 485 U.S. 681, 689 (1988) (citing *Beechum*, 582 F.2d at 912-13).

In making its relevance determination, the Court is not required to make a preliminary finding that an extrinsic act or offense in fact occurred. *Huddleston*, 485 U.S. at 688-89. The Court instead admits extrinsic offense evidence under Federal Rule of Evidence 104(b), which requires the Court to "examine[] all the evidence in the case and decide[] whether the jury could reasonably find the conditional fact ... by a preponderance of the evidence." *Id.* at 690. The Court has broad discretion to control the order of proof at trial, and may allow the Government to introduce evidence concerning a similar act subject to a later assessment of whether sufficient evidence has been offered to permit the jury to make the requisite finding. *Id.* Only if the Government ultimately fails to meet this "minimal standard of proof" must the Court instruct the jury to disregard the evidence that was conditionally admitted. *Id.*

In determining whether extrinsic offense evidence has probative value that is not substantially outweighed by its undue prejudice and also meets the other requirements of Federal Rule of Evidence 403, the court conducts a "commonsense assessment of all the circumstances surrounding the extrinsic offense." *Beechum*, 582 F.2d at 914. The Court considers the availability of other means of proof of the charged offense, and it is the

4

"incremental probity" of the extrinsic evidence that must be balanced against its potential for undue prejudice. *Id.* Thus, if a defendant's intent is not contested, the probative value of extrinsic evidence as to that issue will be inconsequential. *Id.* Furthermore, the probative value of an extrinsic offense "correlates positively" with its similarity to a charged offense. *Id.* at 915.  If the extrinsic offense and the charged offense are dissimilar in most respects, "the extrinsic offense may have little probative value to counterbalance the inherent prejudice of this type of evidence." *Id.*   Finally, the Court considers the amount of time separating the extrinsic offense from the charged offense.  *Id.*  Temporal remoteness is not dispositive, but it "depreciates the probity of the extrinsic offense."  *Id.*

## III. DISCUSSION

### (a) *Earlier Drug Convictions*

The Government asserts that evidence of defendant's earlier drug convictions is relevant to establish intent or knowledge. When the issue is the defendant's intent to commit the offense charged, "the relevancy of the extrinsic offense derives from the defendant's indulging himself in the same state of mind in the perpetration of both the extrinsic and charged offenses." *Beechum*, 582 F.2d at 911.  If a jury finds that a defendant had unlawful intent in a similar extrinsic offense, the jury may also

find it less likely that the defendant had lawful intent in the charged offense. *Id.* Under *Beechum*, if an extrinsic offense requires the same intent as the charged offense, and if there is sufficient evidence for a reasonable jury to find that the defendant committed the extrinsic offense, the extrinsic evidence satisfies the relevancy prong of Rule 404(b). *Id.* at 913. Additionally, the Fifth Circuit has stated that "[i]ntent is material to drug possession and trafficking prosecutions." *United States v. Moody*, 564 F.3d 754, 764 (5th Cir. 2009); *see also United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005) ("In a drug-trafficking case, the issue of intent is always material.").

In this case, by pleading not guilty to the charges and requiring the Government to prove the elements of its case, Hebert has made evidence of his intent and knowledge relevant. *See United States v. McCall*, 553 F.3d 821, 827-28 (5th Cir. 2008) (holding that by pleading guilty to distribution of crack charge, defendant made evidence of his general intent relevant); *United States v. Thomas*, 294 F. App'x 124, 129 (5th Cir. 2008) (stating that the mere entry of a not guilty plea in a possession with intent to distribute case raises the issue of intent sufficiently to justify the admissibility of extrinsic offense evidence); *United States v. Smith*, 228 F. App'x 383, 387 (5th Cir. 2007) (holding that by pleading not guilty to charge of possession with

intent to distribute, defendant placed his knowledge of the drugs
found and his intent to distribute in issue).  Hebert is charged
with distribution of cocaine base, possession with intent to
distribute cocaine base, and possession with intent to distribute
cocaine hydrochloride.  The Government seeks to introduce
extrinsic evidence that Hebert was previously convicted of
possessing with the intent to distribute cocaine, and
distribution of cocaine.  The same issue of intent is present in
each offense: intent to distribute.  Assuming the Government
properly introduces evidence of these prior convictions and
connects them to Hebert, a reasonable jury could conclude that
Hebert in fact committed the offenses for which he was convicted.

Additionally, the Government seeks to introduce extrinsic
evidence that Hebert was previously convicted of attempted
possession of cocaine.  Attempted possession of cocaine is a
specific intent crime.  *State v. Sylvia*, 2001-1406 (La. 4/9/03);
845 So.2d 358, 364 n.1.  Like other drug offenses, evidence of an
earlier drug possession offense can be relevant when admitted to
prove intent as to current drug distribution charges.  *See Moody*,
564 F.3d at 763-64 (holding that evidence of defendant's prior
drug arrests for crack possession was relevant to show intent
when defendant was charged with intent to distribute crack);
*United States v. Arnold*, 467 F.3d 880, 885-86 (5th Cir. 2006)
(holding district court did not err in admitting evidence of

earlier conviction for possession of crack when defendant was currently charged with possession with intent to distribute crack); *United States v. Burch*, 156 F.3d 1315, 1323-24 (D.C. Cir. 1998) (holding that evidence of defendant's earlier conviction for attempted possession with intent to distribute crack was admissible evidence of knowledge and intent in possession with intent to distribute crack case). Again, assuming the Government introduces evidence of this earlier conviction and connects it to Hebert, a reasonable jury could conclude that Hebert committed the offense.

Evidence of Hebert's earlier drug convictions for attempted possession of cocaine, possession with intent to distribute cocaine and distribution of cocaine also is relevant to establish Hebert's knowledge in this case. His earlier convictions provide evidence tending to negate ignorance of drugs and the drug trade. *See Thomas*, 294 F. App'x at 129-30 (finding prior drug convictions were relevant to defendant's intent and knowledge in possession with intent to distribute case because the "prior convictions certainly help to rule out the possibility that [defendant] was unfamiliar with powder cocaine or crack, with the ways in which such drugs are packaged, and with the manner in which they are distributed"). The Court, therefore, finds that the extrinsic offenses of attempted possession of cocaine, possession with intent to distribute cocaine and distribution of

8

cocaine are relevant for the purpose of showing intent and knowledge in this case.

Moreover, the Court finds that the possibility of undue prejudice does not substantially outweigh the probative value of the evidence in this case.  Here, Hebert's earlier drug offenses are probative of his intent and knowledge to possess with the intent to distribute cocaine in this case.  Specifically, the Court notes the similarity of the extrinsic and charged offenses in that all of these offenses involve cocaine.  Additionally, for the reasons discussed above regarding relevance, the earlier cocaine drug convictions are also probative of defendant's intent and knowledge as to the current charges involving cocaine base. *See United States v. Cockrell*, 587 F.3d 674, 681 (5th Cir. 2009) ("[I]t is acceptable to infer such intent even where the prior offense drug is different from the drug charged in the current offense."); *Smith*, 228 F. App'x at 387-88 (holding that earlier conviction for selling crack was probative of defendant's knowledge of drug trafficking and knowledge that drugs were in his apartment in possession with intent to distribute PCP case).

Although two of Hebert's earlier offenses took place in 1998, approximately thirteen years ago, this is not determinative.  *See Arnold*, 467 F.3d at 885 (stating that the Fifth Circuit has upheld the admission of Rule 404(b) evidence when the earlier conviction was as long as 15 and 18 years

earlier).  Hebert was in prison for a substantial amount of this time, and Hebert's earlier offenses are not remote when considered in relation to the amount of time Hebert has spent out of prison.  Further, the Court intends to limit any danger of undue prejudice by instructing the jury on the limited purpose of the extrinsic evidence.  Accordingly, the Court finds that the probative value of Hebert's earlier drug offenses is not substantially outweighed by undue prejudice, and that the extrinsic evidence is not likely to confuse the issues, mislead the jury, cause undue delay, or waste time.

### (b) Earlier Firearm Conviction

In this case, Hebert is charged with knowing possession of a firearm by a convicted felon, and also with knowing possession of a firearm in furtherance of a drug trafficking crime.  The Government seeks to introduce extrinsic evidence that Hebert was convicted of knowing possession of a firearm by a convicted felon in 1998.

The Fifth Circuit has stated that

[i]n the context of a weapon-possession case, Rule 404(b) evidence of intent is relevant to a theory of constructive possession, but not to a theory of actual possession.  To demonstrate constructive possession, the government must show that the defendant exerted ownership, dominion, or control over an object, or over the premises where the object was found.  Evidence of knowledge and intent is critical in constructive-possession cases, as a defendant will often deny any

10

knowledge of a thing found in an area that is placed under his control (*e.g.*, a residence, an automobile) or claim that it was placed there by accident or mistake.... By contrast, such evidence is not relevant under an actual possession theory because the government must show only that the defendant was aware that (1) he physically possesses the thing, and (2) the thing he possesses is contraband.

*United States v. Williams*, 620 F.3d 483, 489 (5th Cir. 2010) (internal citations and quotation marks omitted).

Here, defendant is charged with possession of a nine millimeter semi-automatic handgun and a .38 caliber special revolver. At the suppression hearing conducted earlier in this case, DEA Agent Johnson testified that the defendant's girlfriend stated there was a semi-automatic handgun in the house and that Hebert stated the weapon was his.[4] Agent Johnson further testified that after the agents unsuccessfully searched for the handgun, "Mr. Hebert was able to locate the weapon for us."[5] Additionally, Agent Johnson testified that the agents found a .38 revolver in the master bedroom and that Hebert stated he obtained the weapon approximately one year earlier.[6] The defendant's girlfriend testified that the .38 revolver belonged to her.[7]

The Government possibly intends to proceed both on a theory

---

[4] R. Doc. 72 at 21.

[5] *Id.*

[6] *Id.* at 20-21.

[7] *Id.* at 51.

of actual possession as well as constructive possession. *See id.* at 490 (stating that Rule 404(b) evidence may be admitted  when the Government submits evidence of both actual and constructive possession).  But, because of the limited evidence in the record and the parties' failure to address the issue in their briefs, the Court declines to rule on the Government's motion regarding Hebert's earlier firearm offense at this time. Accordingly, the Government is ORDERED to alert the Court when it intends to introduce evidence of Hebert's earlier firearm conviction, and a decision will be made at that time.

**IV.  CONCLUSION**

For the foregoing reasons, the Court finds that evidence regarding defendant's earlier drug convictions is admissible, and that a determination regarding the admissibility of defendant's earlier firearm conviction will be made at trial.

New Orleans, Louisiana this __3rd__ day of June, 2011.


_Sarah Vance_
_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE