UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>VERSUS<br>Steven Hebert | *<br><br>* | CRIMINAL DOCKET<br>CASE NO. 09-154<br>USM NO. 30953-034 |

Date of Previous Judgment: 09/21/11        Defendant's Attorney: Samantha Kuhn

## ORDER FOR SENTENCE REDUCTION
## PURSUANT TO SECTION 404 OF THE FIRST STEP ACT OF 2018

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the Court for a reduction in the term of imprisonment imposed based on the modification of statutory penalties by sections 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed: Having considered such motion, and taking into account Section 404 of the First Step Act of 2018, to the extent it is applicable, and the sentencing factors from Title 18 USC 3553(a),

**IT IS ORDERED** that the motion is:

☐ GRANTED and the defendant's previously imposed sentence of imprisonment of

_____ **is reduced to** _____.

☐ DEFERRED pending supplemental briefing and/or a hearing.

☒ DENIED after complete review of the motion on the merits.

**COURT DETERMINATIONS OF SENTENCING PURSUANT TO FIRST STEP ACT OF 2018**

| | |
|---|---|
| Prior Statutory Minimum: 120 Months (Counts 3 and 4) | Amended Statutory Minimum: 120 Months (Count 3) |
| Prior Guideline Range: 292-365 Months | Amended Guideline Range: 292-365 Months |
| Prior Sentence: 292 Months | Amended Sentence: 292 Months |
| Prior Supervised Release: 8 Years | Amended Supervised Release: 8 Years |

Comments (if applicable):
See Order and Reasons below.

Except as provided above, all provisions of the judgment dated 09/21/11 shall remain in effect. The reduced sentence shall be effective **10 days** following the date of this order indicated below.

**IT IS SO ORDERED.**

April 14, 2020                                    _Sarah Vance_
ORDER DATE                                   UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CIVIL ACTION

VERSUS                                       NO. 09-154

STEVEN HEBERT                                SECTION "R" (5)


**ORDER AND REASONS**

Before the Court is Steven Hebert's motion for a sentence reduction pursuant to Section 404 of the First Step Act of 2018.[1]  For the reasons that follow, the Court denies the motion.

**I.     BACKGROUND**

In 2011, Steven Hebert pleaded guilty to three counts of a superseding indictment.  Specifically, he pleaded guilty to possession with intent to distribute 500 grams or more of cocaine hydrochloride (Count 3), possession with intent to distribute five grams or more of cocaine base, or crack (Count 4), and possession of a firearm by a convicted felon (Count 5).[2]  On September 21, 2011, the Court sentenced Hebert to 292 months of

---

1     R. Docs. 169, 170.
2     R. Doc. 30 at 2; R. Doc. 92.

imprisonment.[3] This consisted of "292 months as to Count 3 of the superseding indictment; 292 months as to as to Count 4 of the superseding indictment; and 100 months as to Count 5 of the superseding indictment; all such terms of imprisonment to run concurrently."[4] Notably, Hebert agreed in his plea agreement that a "specific sentencing range of not less than 15 years imprisonment and maximum life in prison is appropriate in disposition of this case."[5] Hebert's projected release date is May 9, 2030.[6]

In 2018, Congress passed the First Step Act. This law made a number of changes to criminal sentencing. As relevant here, the Act retroactively applies the Fair Sentencing Act of 2010, which reduced mandatory minimum penalties for crack cocaine offenses. Hebert has moved under Section 404 of the Act for a reduction in his sentence.

## II. LEGAL STANDARD

Section 404 of the First Step Act states: "A court that imposed a sentence for a covered offense may, on motion of the defendant . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010

---

[3] R. Doc. 111, R. Doc. 108.
[4] R. Doc. 111 at 3.
[5] R. Doc. 95 at 2.
[6] R. Doc. 173 at 1; *see also Inmate Locator, Federal Bureau of Prisons,* https://www.bop.gov/inmateloc/ (Last visited April 14, 2020).

2

were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194, 5194-249 (2018). The Fair Sentencing Act increased the quantity of crack cocaine that triggered mandatory minimum penalties and eliminated the statutory mandatory minimum sentence for simple possession of crack cocaine. Pub. L. No. 111–220, 124 Stat. 2372 (2010).

Sentencing reductions are not mandatory, even if the petitioner is eligible under the statute. *See* First Step Act § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). Indeed, the First Step Act "leaves the choice whether to resentence to the district court's sound discretion." *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019).

### III. DISCUSSION

Hebert argues that he is eligible for a sentencing reduction because he was sentenced to possession with intent to distribute cocaine base, which is a covered offense under the Fair Sentencing Act. But the other counts that Hebert was convicted of—including possession with intent to distribute cocaine—are *not* covered offenses. Indeed, this Court has previously found that "the Fair Sentencing Act has no bearing on Hebert's conviction for possession with intent to distribute 500 grams or more of cocaine

3

hydrochloride, which would . . . still result in an advisory guidelines range of 292-365 months imprisonment."[7]  The Court further found that "the [Fair Sentencing Act] has no impact on the computation of defendant's sentence."[8] *See also* USSG §§ 2D1.1, 4B1.1 (guidelines regarding defendant's offense level and categorization as a criminal career offender).

The Fifth Circuit has explained the scope of the district court's task in imposing a new sentence under the First Step Act.  "The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act." *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019).  Applying that reasoning here, the Court does not find a sentence reduction in order on these facts.  Even had defendant not been charged with Count 4—the only count that involves a covered offense—his guideline range would have remained the same at the time of sentencing due to Counts 3 and 5 and defendant's status as a career offender.

Defendant contends that a court may reduce a defendant's sentence even where a defendant's guideline range remains the same irrespective of the Fair Sentencing Act, and that the Court should do so here.  Even if that

---

[7]     R. Doc. 131 at 29.
[8]     *Id.*

were true, the Court does not find that a sentence reduction on these facts is appropriate. Had the Fair Sentencing Act applied at the time of sentencing, the Court would have been confronted with a cocaine hydrochloride count, a crack count (albeit subject to a lower sentence), and a gun count. The guideline range under those circumstances would have been the same. The First Step Act does not change the landscape of defendant's offense conduct and criminal history enough to warrant a different sentence. Indeed, the factual basis, the accuracy of which defendant has attested to, makes clear that defendant was in fact responsible for at least 26.7 grams of crack and 528.8 grams of cocaine hydrochloride.[9] Defendant's conduct involved dealing drugs out of his family residence, where he lived with young children.[10] He had a significant criminal history and had not previously benefited from probation or parole.[11] Viewing defendant's case through this lens convinces the Court that defendant's sentence should not be altered.

Hebert further argues that his post-conviction conduct, which includes getting his GED, working in the food service for Oakdale, and completing several educational and vocational training programs, militates in favor of a

---

[9] *See* R. Doc. 94 at 3-4.
[10] *See* R. Doc. 104 at 7 ¶¶ 18, 23.
[11] *See id.* at 11-16, 23-24 ¶ 113.

sentencing reduction.[12]  As an initial matter, the Fifth Circuit has held that district courts need not consider a defendant's post-conviction conduct when determining whether a defendant is eligible for a sentencing reduction under the First Step Act.  *See United States v. Jackson*, 945 F.3d 315, 321 (5th Cir. 2019) ("Neither was the district court obliged to consider Jackson's post-conviction conduct.").  In any event, Hebert's post-conviction conduct would need to be weighed against the circumstances of the defendant and his offense conduct.  Considering that here, Hebert's conduct does not warrant a sentencing reduction.

     Finally, Hebert argues that the threat of COVID-19, and its impact on FCI Oakdale, is another factor weighing in favor of his immediate release. The Court recognizes that COVID-19 can pose particular problems for prison populations.  But this motion requesting a reduction pursuant to Section 404 of the First Step Act is not the vehicle to seek release because of the COVID-19 pandemic.

---

12    *See* R. Doc. 177 at 15-17.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's request for a sentencing reduction under the First Step Act.

New Orleans, Louisiana, this __14th__ day of April, 2020.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE